## Case No. 4,400.

### In re ELLIS.

[1 N. B. R. 555 (Quarto, 154).][1]
District Court, E. D. Missouri. 1868.

TREAT, District Judge. By the proceedings in bankruptcy, the attachment of the goods and property of the bankrupt was dissolved. The sale under the suit in the state court, pendente lite. did not transmute or change the character of the property, nor give to the creditors any greater interest than they would have had, had the property remained in specie. The money arising from the sale, represents the property attached, and remains the property of the debtor, until disposed of by virtue of an execution upon a judgment rendered in the attachment suit. As the proceeds of the furniture sold by the sheriff have come into the hands of the assignee, the proceeds represent the property attached, and as that property is by the terms of the bankrupt act [of 1867 (14 Stat. 517)] exempt from the assignment the proceeds retain the character of the property itself, as the conversion was not made by the debtor, but was made by process in invitum, while still belonging to the debtor. By the law of this state, some property may be liable to be attached which would be exempt from .execution upon a judgment; but in this case there was no judgment, and by virtue of the proceedings in bankruptcy the property passed into the hands of the assignee, and remains subject to the provision of the bankrupt act, and not those of the attachment statute of the state.

This court will not inquire into, nor pass upon the merits of the attachment. It may be very true, that but for these proceedings in bankruptcy the plaintiff could have maintained his suit by attachment, and have applied the proceeds of this property to the payment of his debt; but with that matter, this court has nothing to do; it sits here to administer the provisions of the act of congress, and by that act, the property attached, which is now represented by the money in the hands of the assignee, received by him from the sheriff, was exempt from the assignment. It must therefore be declared that the bankrupt is entitled to this money as representing his property, the title to which did not pass to the assignee. After the commencement of the proceedings in bankruptcy all proceedings in the state court under the attachment would have been void; it ceased to have jurisdiction over the property, and the jurisdiction vested in this court.

The bankrupt is entitled to claim this money, as property, without waiting to learn if the assignee will be able to collect enough, from the assets assigned, to pay the expenses of the proceedings. The proceedings in this case were commenced by creditors, and the expenses are to be paid from the assets of the bankrupt, when collected, but not from property which is exempt from the assignment. The same property which is exempted from the assignment upon a petition filed by the debtor himself, is also exempted, when proceedings are commenced by the creditors.