RANDELL & COMPANY, plaintiffs in error, *vs.* LOUIS D. McLAIN, assignee, defendant in error.

F. was declared a bankrupt, in the District Court of South Carolina, about the 1st of January, 1869. R. & Company had obtained a judgment against F., in the District Court of South Carolina, for a debt due them by F., the bankrupt, on the 21st August, 1864. R. & Company sued out an attachment, in this State, against F., the bankrupt, based upon the judgment obtained against him in the District Court of South Carolina, which was levied, by a summons of garnishment, served upon B. & M., as garnishees. The attachment was taken out on the 8th of December, 1868, and served upon the garnishees the same day, about one month prior to the time F. was declared a bankrupt. M.,

the assignee of the bankrupt, moved the Court to dissolve the attachment, on the ground that the same had been taken out within four months prior to the time F. was declared a bankrupt. The Court sustained the motion and dissolved the attachment: *Held*, that the judgment obtained in the District Court of South Carolina could not be collected in this State, except by a suit thereon, at common law, or by process of attachment, and that, in either case, the proceeding instituted to collect the judgment debt in the Courts of this State, was *mesne process;* and that inasmuch as the 14th section of the Bankrupt Act of 1867 declares that the title to the property of the bankrupt shall vest in the assignee, although, the same is there attached on *mesne process*, as the property of the debtor, and shall dissolve any such attachment, made within four months next preceding the commencement of said proceeding, there was no error in the judgment of the Court below, ordering said attachment to be dissolved.

Bankruptcy.   Practice.   Lien.   Before Judge SCHLEY. Chatham Superior Court.   May Term, 1869.

In December, 1867, Randell & Company sued Peter Dunbar and John Franz, partners, under the style of Dunbar & Franz, in the District Court of the United States, for the District of South Carolina, and on the 21st of August, 1868, obtained a judgment against them.   On the 8th of December, 1868, Randell & Company, in said county, sued out an attachment upon said judgment, and had garnishment served upon Blue & Meyer.   They answered that they owed Franz $619 88.   About the 1st of January, 1869, Franz was declared a bankrupt, in said District Court, and Louis D. McLain was selected as his assignee.   In June Term, 1869, of said Superior Court, McLain was made a party defendant to said attachment, and moved to dismiss said garnishment, because of said bankruptcy.   The Court dismissed the garnishment and ordered that Blue & Meyer pay said sum to McLain.

Randell & Company say that it was erroneous to allow McLain to be made a party for such purpose, and to dismiss the garnishment and pass said order.

FLEMMING & LESTER, for plaintiffs in error.

JACKSON, LAWTON & BASSINGER, for defendant.

Fulgham *vs.* Johnson.

WARNER, J.

The judgment obtained in the State of South Carolina, in the District Court, could not be collected in this State, except by a suit thereon, at common law, or by process of attachment; and, in either case, the proceeding instituted to collect the amount of the judgment debt in this State was *mesne process.* The 14th section of the Bankrupt Act declares, that the title to the property of the bankrupt shall vest in the assignee, although the same is then attached on *mesne process,* as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceeding. The attachment was taken out and levied upon the property of the bankrupt, in the hands of the garnishee, within less than four months preceding the time Franz was declared a bankrupt. There was no error in the Court below in dissolving the attachment, upon the statement of facts presented by this record.

Let the judgment of the Court below be affirmed.