## MIXER, WHITMAN & CO. v. THE EXCELSIOR OIL AND GUANO COMPANY.

The defendant is a corporation, created by the laws of the State of Rhode Island, did business in this State, and owned property here. Within six weeks after a warrant of attachment had been executed on the estate of defendant situate in this State, it was declared a bankrupt on its own petition by the District Court of the United States for the District of Rhode Island, and a deed of assignment of all the estate of defendant was made to the assignee.

*Held*, (1.) That the warrant of attachment, although executed on the estate of defendant is but *mesne process.*

(2.) That the effect of the appointment of the assignee was to vest the entire estate of the defendant in such assignee, and that the order for the dissolution of the warrant of attachment, and the restitution of the estate of defendant to the assignee, was proper.

*Carr* v. *Fetherington*, 63 N. C. 560, cited and distinguished from this case.

Motion to dissolve an attachment under the Bankrupt Act of Congress heard before *Watts*, *J.*, at Spring Term, 1871, of CRAVEN Superior Court.

The defendant is a foreign corporation created by and under the laws of Rhode Island. It did business and owned property in the counties of Craven and Carteret in this State.

The plaintiffs are non-residents. They commenced suit against the defendant by summons, and a warrant of attachment on the 23d day of February, 1870, which was at that time executed on the estate of defendants.

On the 3rd day of April, 1870, the defendant filed its petition in the District Court of the United States for the District of Rhode Island, praying that it might be adjudged a bankrupt, and on the 8th day of April, 1870, it was duly adjudged a bankrupt, and thereafter a deed of assignment was made by the Court of all the estate of defendant to Samuel Peckham, as assignee, who duly qualified as such assignee, and makes this motion as such.

His Honor upon consideration of the foregoing facts, dissolved the warrant of attachment against the estate of the defendant, and ordered the sheriff of Craven county to return to the assignee, Peckham all the property he had taken under the same, from which, the plaintiffs appealed.

*Manly & Haughton,* for the plaintiffs.
*Lehman,* for the assignee of defendants.

RODMAN, J. The Bankrupt Act of the 2d of March, 1867, sec. 14, enacts : That the appointment of an assignee in bankruptcy shall vest in such assignee, by operation of law, the title to all the property and estate, both real and personal of the bankrupt, "although the same is *then attached on mesne process,* as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings," &c.

It is objected that the adjudication of the bankruptcy of the defendant in the present case, and the appointment of an assignee, should not be allowed to have the effect of dissolving the attachment, because :

1st. The adjudication and appointment by a District Court of the United States for the District of Rhode Island, cannot have any effect in North Carolina.

2nd. The law of North Carolina gives to the attaching creditor a lien which is protected under the bankrupt act.

1. It is true that the District Court for Rhode Island, has no means of enforcing upon a Superior Court of North Carolina, a compliance with the act of Congress, or with the orders of the District Court. If the plaintiffs in the present action resided within the District of Rhode Island, the District Court could enforce its orders by process *in personam* against them. As they reside beyond the jurisdiction of the District Court, that means is not open. But every Court of the State of North Carolina, owes obedience to an Act of Congress, concerning a

matter within the power of Congress, (as a bankrupt law confessedly is,) as fully as a Court of the United States does. Any contumacious attempt to evade such obligation, would be defeated finally upon well recognized principles.

The District Court of Rhode Island, having jurisdiction over the person of the present defendant, and having adjudged it a bankrupt, no Court of North Carolina, can rightfully dispute such adjudication; and the legal consequences must be submitted to.

We consider the adjudication of the District Court of Rhode Island, as equal in all respects, for the present motion, to a similar adjudication by a District Court of the United States, for the District of North Carolina.

2. Does the act of Congress require the discharge of an attachment, such as this? By its express words it does. And we think Congress had a right so to enact.

An attachment under the C. C. P. of North Carolina, is prior to final judgment; if the plaintiff fails to recover, it is gone; it is therefore in its nature *mesne process*. By the adjudication of the bankruptcy of the defendant, the priority of the attaching creditor is lost; the property attached is mingled with the general fund of the bankrupt. The creditor may prove and come in for his share.

If the bankrupt shall obtain his discharge, the creditor's action is forever gone, under sec. 21, except for certain purposes, not material to be noticed at present. If he shall fail to obtain his discharge, or to use due diligence for that end, the creditor may proceed to judgment.

The case of *Carr* v. *Fearington*, 63 N. C. 560, to which we were referred, went upon the ground that the filing of the bill, was made by the Act of Assembly, to have the effect of final process. It is distinguishable from the present case.

PER CURIAM.                            Judgment affirmed.