THOMAS WHITRIDGE *vs.* ALEXANDER P. TAYLOR, Assignee, &c., *et al.*

1. The District Courts of the United States have general original jurisdiction in all matters appertaining to the estate of a bankrupt; and they may exercise *extra territorial jurisdiction*, in collecting the estate and adjusting the claims of the creditors of the bankrupt, when the Court of Bankruptcy can fairly and fully determine the rights of the parties interested.

2. In all matters of controversy, when the subjects in dispute are of a local character, the rights of the parties must be determined in the *local* Courts.

3. When a mortgagee, by the terms of the mortgage, has a right to foreclose, when an adjudication in bankruptcy is made, this right cannot be administered by a District Court, sitting as a Court of Bankruptcy in another State. The State Courts can afford a remedy by foreclosure or sale and at the same time allow the assignee to have the full benefit of the Equity of redemption.

Civil action tried before Logan, Judge, at Fall Term 1871, of Mecklenburg Superior Court.

The complaint alleges that the defendants, Austin Doll and Joseph Doll, were the owners, as co partners, of a valuable tract of land in Mecklenburg county. That in 1869, to secure a large debt due the plaintiff, they executed to him a mortgage deed for said lands, with a condition, "that if the money and interest due, were paid in twelve months then the said deed should be void, &c."

That the money and interest were not paid as stipulated. That since the mortgage was made, the defendants have been declared bankrupts by the District Court of the United States for the District of Maryland. That the other defendant Taylor has been duly appointed assignee in Bankruptcy and has taken a conveyance of all the estate and effects of the said A. and J. Doll.

The complaint demands judgment of foreclosure and a sale of the lands &c.

Service of process was acknowledged by the defendant Taylor.

At Fall Term, 1871, the plaintiff, through his counsel, asked judgment according to the complaint for want of an answer. *Pro forma opinion.* "Judgment refused for want of information against the assignee in Bankruptcy." From which ruling plaintiff appealed to the Supreme Court.

*Jones & Johnston* for plaintiff.
*No Counsel* for defendants.

Dick, J.   The plaintiff as mortgagee seeks to forclose his mortgage. The mortgage is dated 10th January, 1869, and the time of redemption specified, is twelve months after date. The mortgagors were adjudged bankrupts in the United States District Court for the District of Maryland, and an assignment of all their estate was duly made on the 30th of May, 1871, to an assignee in bankruptcy, the present defendant. This action was commenced in November, 1871, and the question presented by the ruling of His Honor, is, whether a Superior Court of this State has jurisdiction of the case.

The Constitution of the United States, Art. 1, sec. 8, authorizes Congress to establish uniform laws on the subject of bankruptcy, &c. That power was exercised on the 2nd of March, 1867, by the passage of the Bankrupt Act, and all State laws in conflict or inconsistent with the purposes of that Act were at

once suspended in their operation upon such subject. 3 Story Com, 4 and 15. Cooley C. L. 18, 4 Wall. 411.

By the 1st section of said Act, original jurisdiction in matters of bankruptcy is conferred upon the United States District Courts. The term original is here used to distinguish this from the supervisory jurisdiction of the Circuit Courts given in the 2d section, but as to State Courts, the jurisdiction of the Courts of bankruptcy is superior and exclusive for the purposes contemplated, except as is otherwise provided for in the statute.

It is a question not yet determined, whether under the statute, a Court of bankruptcy can exercise jurisdiction beyond the limits of the district in which the Court is situated. No such jurisdiction is expressly conferred, but the manifest object of the system is to bring all the estate of a bankrupt under the control of one Court, so that all parties interested may be heard, and their claims adjusted, and the assets be distributed by the same judicial tribunal.

In furtherance of this object, an extra territorial jurisdiction must arise by necessary implication, in collecting the estate and adjusting the claims of the creditors of the bankrupt, where the Court of bankruptcy can fairly and fully determine the rights of parties interested. The Constitution requires the system to be uniform in its operation and benefits, and this cannot be effected unless the Bankrupt Act is construed by all Courts with the liberality usually allowed to remedial statutes. *Mixer* v. *E. O. & G. Co.*, 65 N. C. 552.

Courts of bankruptcy exercise a kind of equitable jurisdiction conferred by statute, and an assignee is in the nature of a receiver, who collects and holds property under the protection and direction of the Court, until the rights of all parties are sustained and determined.

For this purpose the jurisdiction of the Court extends over the bankrupt, his estate, and all persons who choose to make themselves parties; and all necessary orders may be enforced against parties within the territorial limits of the Court, by powers of contempt. *Bump on Bank.*

The Bankrupt Act expressly provides that a duly certified copy of the assignment made to the assignee, shall be conclusive evidence of his title as such assignee to take, hold, sue for and recover the property of the bankrupt (sec's 14 and 16) and he may sue in his own name in the State Courts, and continue legal proceedings, pleading in said tribunal. But in all matters of controversy, where the subjects in dispute are of a local nature, the rights of parties must be determined by actions in the local Courts. Thus, the title and disposition of real estate, where there are adverse claims, cannot generally be determined in a Court out of a State in which the land is situated.

The case before us presents an illustration of this principle. The plaintiff as mortgagee, had the legal title to the land in question, and was entitled to have a foreclosure of his mortgage, when the adjudication in bankruptcy was made. This right of the plaintiff cannot be administered by the District Court of Maryland, sitting as a Court of Bankruptcy. The State Court can afford a remedy by foreclosure or sale, and at the same time allow the assignee to have the full benefit of the equity of redemption belonging to the estate of the bankrupt. The assignee accepted the summons, and was properly before the Court, and his Honor erred in dismissing the case.

Let this be certified.

PER CURIAM.                                    Judgment reversed.