McCORD (COPPERTHWAIT v.). See Case No. 3,216.

McCORD (McCANDLESS v.). See Case No. 8,678.

## Case No. 8,714.

### McCORD et al. v. McNEIL.

[4 Dill. 173;[1] 17 Am. Law Reg. (N. S.) 52.]

Circuit Court, W. D. Missouri. 1877.

BANKRUPTCY — DISSOLUTION OF ATTACHMENT IN STATE COURT BY BANKRUPTCY PROCEEDINGS —REV. ST. § 5044, CONSTRUED.

1. An attachment of the property of a debtor on mesne process is ipso facto dissolved by a deed of assignment made in bankruptcy if the proceedings in bankruptcy were commenced within four months after such attachment. Rev. St. § 5044; section 14 of original act.

[See In re Hazens, Case No. 6,285.]

2. In such a case the assignee's right is superior to the right of the attaching creditor, although the attached property had been sold before the commencement of the bankruptcy proceedings, and the proceeds paid over to the creditor after the adjudication, but prior to the date of the deed of assignment.

3. Such a sale of the attached property and payment of the proceeds to the creditor, do not distinguish the case in principle from Bracken v. Johnston [Case No. 1,761].

Error to the district court of the United States for the Western district of Missouri.

This was a suit brought in the district court of the United States by [Marvin B.] McNeil, as assignee of Broughton & Co., bankrupts, against [James] McCord, Nave & Co., to recover certain moneys received by them from the sheriff of Clay county, Kansas, the same being the proceeds of the sale of certain personal property of Broughton & Co., which had been attached by McCord, Nave & Co. (the plaintiffs in error), in a suit brought by them against Broughton & Co. in the district court of said Clay county, and which, pending the suit, had been sold by the sheriff under an order of said state court.

It is agreed that the facts are as follows: (1) On the 2d day of September, 1874, F. Delves Broughton and D. N. Fulton were copartners in trade as merchants, under the firm name of F. Delves Broughton & Co., at Clay Center, Kansas. They were indebted to

the defendants, merchants at Kansas City, Missouri, under the firm name of McCord, Nave & Co., in the sum of $1,072.39 and interest, for merchandise. On the 2d day of September, 1874, the defendants instituted suit against Broughton & Co., on their demand, in the district court of Clay county, Kansas, caused an attachment to issue. and the property of Broughton & Co. to be seized under the attachment. In the month of September, the attaching creditors procured from the district court, under the provisions of the statutes of Kansas, an order for the sale of the property attached, and on the 6th day of October, under this order, the property was sold by the sheriff of Clay county for $908. The summons in the civil action was personally served upon the defendants, Broughton and Fulton, on the day it was issued, September 2d, and was returnable September 12th. The defendants, Broughton and Fulton, wholly made default, and never answered. (2) On the 9th day of October, 1874, certain creditors of Broughton & Co., constituting the requisite number, filed in the district court of the United States for the district of Kansas a petition to have Broughton and Fulton declared bankrupts, and under this petition, on the 28th day of October, the adjudication of bankruptcy regularly passed. (3) On the 18th day of November, 1874, at the regular term of the district court for Clay county, final judgment in the civil action and on the attachment was rendered in favor of McCord, Nave & Co., against Broughton & Co., for $1,107.24, and an order made by the court to pay proceeds of attached property to the plaintiffs in the judgment. Under this order the sheriff, on December 15th, 1874, after deducting $90 for costs, paid over to the judgment creditors, the defendants in this action, $818. (4) On the 28th day of December, 1874, the plaintiff in this suit was appointed assignee in bankruptcy of Broughton & Co., and on same day the regular assignment was made by the register in charge; the plaintiff is the present and sole assignee in bankruptcy of Broughton & Co. (5) The proceeding by attachment was not collusive between McCord, Nave & Co. and the bankrupts, nor was it in any way procured by the bankrupts. (6) The proceeding in bankruptcy was not suggested in the civil action, nor in the attachment proceedings. The assignee has never intervened in the district court of Clay county to claim the proceeds of the attached property. The petitioning creditors in the bankruptcy proceedings had knowledge of the civil action and proceeding by attachment, but made no suggestion of the bankruptcy proceedings to the court. (7) The defendants had actual notice of the pendency of the proceedings in bankruptcy a few days prior to the adjudication. (8) The plaintiff, on the 8th of February, 1875, demanded of defendants the payment of $1,008.00, which defendants refused to pay. On these facts the district court rendered judgment for the assignee

for the sum of $818 and interest from February 8, 1875, to reverse which the defendants prosecute this writ of error.

John K. Cravens, for plaintiffs in error.

Gage & Ladd and Karnes & Ess, for defendant in error (the assignee).

DILLON, Circuit Judge. In the case of Bracken v. Johnston [Case No. 1,761], it was decided by Mr. Justice Miller that a creditor who proceeds in the state court by a writ of attachment on which he seizes the property of his debtor and collects the judgment obtained in such suit by a sale of the property attached, is liable to the assignee in bankruptcy of the debtor appointed under proceedings commenced in the bankruptcy court within four months of the levy of the attachment, although the assignee did not appear or defend the attachment suit or make any attempt to arrest the attachment proceedings.

The case just cited was deliberately considered, and it may not be improper to state, as illustrating the difficulty of the question involved, that the record in that case was informally laid before the judges of the supreme court, and that they were equally divided in opinion. I had decided the same principle in Bradley v. Frost [Id. 1,780]. In the argument of the present case the learned counsel for the plaintiffs in error admitted that those cases were within section 5044 of the Revised Statutes, and decisive against him unless this case can be distinguished. He insists that this case can be distinguished from those on the ground that under section 5044 it is the deed of assignment which relates back to the commencement of the proceedings in bankruptcy, and which has the effect to dissolve any attachment of property on mesne process made within four months next preceding the commencement of the bankruptcy proceedings.

In this case the property attached had been sold pending the suit in the state court, three days before the petition in bankruptcy was filed, and the money, which was the proceeds of the attached property, was actually paid over to the creditor by order of the state court before the assignment was made, although the date of such payment was after the institution of the bankruptcy proceedings, and after the adjudication of bankruptcy had passed. It is admitted by the counsel for the creditor that if the property attached had not been sold prior to the filing of the petition in bankruptcy, the case would fall within Bracken v. Johnston [supra], and that the assignee in bankruptcy would be entitled to recover. But he claims that. having been sold before the commencement of the proceedings in bankruptcy, it was not "then attached" (section 5044), that is, was not under attachment at the time the bankruptcy proceedings were instituted. and that the order of the state court to pay the proceeds to the cred-

itor on his judgment is valid and effectual as against the assignee. It is my opinion that this narrow distinction cannot be maintained. The proceeds of the attached property stand in the place of the property attached, and these proceeds, or the right to them, passed to the assignee by virtue of the assignment, which related back to the commencement of the proceedings in bankruptcy, at which last mentioned time the money was in the custody of the state court, the same as the property had been out of which the money arose.

I may add that I submitted to Mr. Justice Miller the point here made by the counsel for the creditor, and that he was of opinion that no solid distinction in this respect could be found between the present case and that of Bracken v. Johnston. Affirmed.