SANFORD J. LEWIS *vs.* EDWARD HIGGINS, EDWARD R. E. COBB and JOHN H. FOWLER.

*Attachment under the Act of 1864, ch. 306—Defective pleas in Abatement—Effect of proceedings in Bankruptcy against the defendant, upon the action on the Short note against the defendant, and upon the Attachment—Motion to quash upon the ground that an Attorney of the Court was security upon the Attachment bond—Construction of rule of Court prohibiting Attorneys from becoming Securities for costs, or Securities on appeal bonds.*

In an action of attachment under the Act of 1864, ch. 306, the defendant appeared to the short note case and pleaded in abatement that at the time of the institution of the action "there was on file on the Docket of the District Court of the United States of the District of Maryland, pending for trial, proceedings instituted by the plaintiffs against the defendant, upon the same debt as set forth in this case, for the purpose of having him adjudged a bankrupt." The defendant pleaded a similar plea, making the same averments to the writ of attachment. On demurrer it was HELD:

1st. That the plea in the short note case was defective in not averring the essential fact to the sufficiency of the plea, that the proceedings in bankruptcy were pending at the time of the plea pleaded.

2nd. That the plea in said case, it being an action *in personam*, was also defective because the simple pendency of the proceedings in bankruptcy constituted no cause of abatement of the action; and it was not alleged or pretended that the cause of action sued on had been *proved* as a claim in the bankruptcy proceedings and thus made subject to the provision of sec. 5105, of the Revised Statutes of the United States.

3rd. That although the debt be *provable* in bankruptcy, the most that could be insisted on, under sec. 5106 of the Revised Statutes, would be that upon the application of the bankrupt the action should be stayed to await the determination of the Court in bankruptcy on the question of his discharge.

4th. That if for any cause the proceedings in bankruptcy should terminate, or be closed without a discharge, the plaintiffs would be en-

titled to a judgment *in personam* against the defendant, and the latter would be liable, whether he be adjudged a bankrupt or not, to pay that judgment out of any property that he might thereafter acquire.

5th. That the plea to the attachment case was defective in not making the essential averment that the Court in bankruptcy had taken cognizance of the petition filed by the plaintiffs.

6th. That in the absence of the necessary averments to show that the Court in bankruptcy had actually taken cognizance of the case, and assumed jurisdiction in the premises, and that the proceedings were still pending at the time of filing the plea, there was nothing shown to preclude the plaintiffs from proceeding against the property of the defendant by way of attachment.

It was further HELD :

1st. That a motion to quash the attachment because an attorney of the Court was one of the sureties in the attachment bond given by the plaintiffs, was rightly overruled.

2nd. That the rule of Court prohibiting attorneys from becoming securities for costs, or securities on appeal bonds, has no application to a case like the present.

APPEALS from the Superior Court of Baltimore City.

This was an attachment instituted under the Act of 1864, ch. 306, by the appellees against the appellant. The attachment was laid in the hands of Francis W. Bennett and Alfred C. N. Mathews, trading as F. W. Bennett & Co. The defendant and the garnishees appeared and pleaded. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*Richard Hambleton,* for the appellant.

*William A. Fisher,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

This was an attachment under the Act of 1864, ch. 306. The defendant appeared to the short note case, and

pleaded in abatement, that at the time of the institution of this action "there was on file on the Docket of the District Court of the United States of the District of Maryland, pending for trial, proceedings instituted by the plaintiffs against the defendant, upon the same debt as set forth in this case, for the purpose of having him adjudged a bankrupt." The defendant pleaded a similar plea, making the same averments, to the writ of attachment; and to both of which pleas the plaintiffs demurred, and the Court below sustained the demurrers. Upon trial of other issues made by the pleadings, judgment was rendered against the defendant in the short note case, and judgment of condemnation was rendered against the garnishees in the attachment case; and from both of which judgments the defendant has appealed. These appeals, however, are only intended to present to this Court the questions arising under the demurrers to the pleas in abatement.

As to the plea in abatement in the short note case, that is defective in several respects. In the first place, it does not aver that the proceedings in bankruptcy were pending at the time of the plea pleaded, which is an essential fact to the sufficiency of the plea. Those proceedings, though they may have been pending at the time of the institution of the present action, may have been withdrawn or dismissed before this plea was filed by the defendant. But, besides this fatal omission in the averments, the plea is otherwise defective. This is an action *in personam*, and the simple pendency of the proceedings in bankruptcy constituted no cause of abatement of the action. It is not alleged or pretended that the cause of action here sued on has been *proved* as a claim in the bankruptcy proceedings, and thus made subject to the provision of sec. 5105 of the Revised Statutes of the United States ; and though the debt be *provable* in bankruptcy, the most that could be insisted on, under sec. 5106, of the Revised

Statutes, would be that, upon the application of the bankrupt, the action should be stayed to await the determination of the Court in bankruptcy on the question of his discharge. If, for any cause, the proceedings in bankruptcy should terminate or be closed without a discharge, the plaintiffs would be entitled to a judgment *in personam* against the defendant, and the latter would be liable whether he be adjudged a bankrupt or not, to pay that judgment out of any property that he might thereafter acquire. *Norton vs. Switzer*, 93 *U. S.*, 355, 360; *The Brandon Manf. Co. vs. Frazer*, 47 *Vt.*, 88; *Ray vs. Wight*, 119 *Mass.*, 426.

But the plea to the attachment depends upon somewhat different principles. The attachment is a proceeding *in rem*, by which the plaintiffs sought to seize the property of the defendant and apply it exclusively to the discharge of their claims. This would be in plain contravention of the policy of the bankrupt law, if the defendant at the time was subject to the provisions of that law; and therefore, to avoid any such undue preference, if the attachment be sued out at any time within four months next preceding the commencement of the bankruptcy proceedings, and *a fortiori* if after the commencement of those proceedings, the law, U. S. Rev. Stats., sec. 5044, declares such attachment to be dissolved by the assignment in bankruptcy. Such attachment, as said by the Supreme Court, "is avoided and made of no effect, and the proceedings under it are held for naught. The money obtained by color of it is money held for the assignee, and is recoverable by him." *West Phila. Bank vs. Dickson*, 95 *U. S.*, 180, 182; *Yeatman vs. Sav. Inst.*, *Id.*, 764. The plea, however, is defective in not making the essential averment that the Court in bankruptcy had taken cognizance of the petition filed by the plaintiffs. The proceeding was to have the defendant declared an involuntary bankrupt; and by sec. 5024, U. S. Rev. Stats., it is provided that

upon filing the petition authorized to be filed for the pur-
pose of having the party adjudicated a bankrupt, "*if it
appears that sufficient ground existed therefor,* the Court
shall direct the entry of an order requiring the debtor to
appear and show cause, at a Court of bankruptcy to be
holden at a time to be specified in the order, not less than
five days from the service thereof, why the prayer of the
petition should not be granted." Whether the Court ever
determined that sufficient ground existed for proceeding
on the petition, or whether any order was ever passed
thereon against the defendant, according to the direction
of the statute, as a preliminary proceeding to requiring
the defendant to answer, the plea omits to aver. It may
be, for aught that appears, that the proceedings had been
dismissed or otherwise terminated, before plea filed, with-
out any such preliminary proceeding, and, consequently,
without any adjudication of bankruptcy against the de-
fendant, or the appointment of an assignee to take charge
of the property. In the absence of the necessary aver-
ments to show that the Court in bankruptcy had actually
taken cognizance of the case, and assumed jurisdiction in
the premises, and further, that the proceedings were still
pending at the time of filing the plea, there is nothing
shown to preclude the plaintiffs from proceeding against
the property of the defendant by way of attachment.
The Court below, therefore, was clearly right in sustaining
the demurrers and adjudging the pleas bad in both cases.

The motion to quash the attachment because an attorney
of the Court was one of the sureties in the attachment bond
given by the plaintiffs, was rightly overruled. The rule
of Court prohibiting attorneys from becoming securities
for costs, or securities on appeal bonds, has no application
to a case like the present.

*Judgments affirmed.*

(Decided 12th December, 1879.)