## HATFIELD *v.* MOLLER and others.

*(Circuit Court, D. New Jersey.* November 30, 1880.)

1. BANKRUPTCY — ATTACHMENT. — An attachment levied within four months before the commencement of proceedings in bankruptcy is dissolved, *ipso facto,* by operation of such proceedings.

   *In re Scrafford,* 15 N. B. R. 104.

2. SAME—SAME.—A bill in the nature of a creditor's bill, praying that certain conveyances of real estate may be declared void, will therefore be dismissed with costs, when filed by a purchaser of the property under such writ of attachment.

In Equity. On Bill and Plea.

NIXON, D. J. Moses Taylor & Co., of New York, claiming to be creditors of William Moller & Son, of the same place, on the sixteenth of September, 1875, caused a writ of foreign attachment to be issued out of the circuit court of the county of Warren, state of New Jersey, returnable October 5, 1875, and placed it in the hands of the sheriff of said county for execution, who, by virtue of the same, levied upon sundry lots and tracts of land situate at Hackettstown, as the property of William Moller, one of the defendants.

Pending these proceedings, and within a few weeks after the return of the writ, to wit, on the twenty-eighth of October, 1875, a petition in bankruptcy was filed against William Moller, George H. Moller, and William F. Moller, as co-partners, and against William Moller individually, and they were adjudged bankrupts on the twentieth of November following. William A. Booth was duly appointed their assignee on the thirteenth of December, 1875, to whom an assignment

was regularly made of all the bankrupts' partnership and individual property.

Notwithstanding these bankruptcy proceedings, the proceedings under the attachment were continued in the state court, by the appointment of an auditor, the entry of the judgment in favor of the attaching creditors, the sale of the real estate taken under the writ, on the twenty-eighth of December, 1876, and the execution of a deed by the auditor to the purchaser, two days afterwards.

The purchaser then filed a bill in the court of chancery of New Jersey, in the nature of a creditor's bill, alleging that William Moller, one of the defendants in attachment, previous to the issue of the writ, had made and executed two several deeds of conveyance to his two daughters, Elizabeth Moller and Sarah M. Moller, purporting to convey the said real estate; that these deeds were voluntary, without valuable consideration, and were, as was expressed upon their face, "in consideration of natural love and affection," and were fraudulent and void against creditors, and praying that they might be decreed illegal, null and void against the complainant as purchaser.

To this bill the defendants put in a plea, setting up the proceedings in bankruptcy in bar of the complainant's title.

The case has been brought into this court by virtue of the removal act, and has been heard upon bill and plea. It must be determined by ascertaining the effect which the bankruptcy proceedings had upon the pending attachment. The writ was issued within four months next preceding the filing the petition; was the attachment, therefore, dissolved by the adjudication? If so, the state court had no jurisdiction thereafter to enter a judgment or make an order for the sale of the property, and the complainant's title is void. Or, was it necessary for the assignee, after his appointment, to take some affirmative steps in order to divest the lien of the attachment? None such were taken, and unless the attachment was dissolved by operation of law, after the filing the petition in bankruptcy, and the adjudication thereon, the plea is bad and must be overruled.

The decision of these questions depends upon the construction of the provisions of section 5044 of the Revised Statutes of the United States. That section provides that, "as soon as the assignee is appointed and qualified, the judge,   *   *   * by an instrument under his hand, shall assign and convey to him all the estate, real and personal, of the bankrupt, and such assignment shall relate back to the commencement of proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate in the assignee, although the same is then attached on mesne process as the property of the debtor, *and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings.*"

Much controversy has arisen as to the true construction of these provisions, but the weight of authority undoubtedly is that after an adjudication in bankruptcy all attachments become invalid, and their lien is divested by operation of law, unless more than four months shall have intervened between the issuing of the writ and the filing of the petition. See *In re Ellis*, 1 N. B. R. 555; *In re Preston*, 6 N. B. R. 545; *Zeiber* v. *Hill*, 8 N. B. R. 240.

Thus, in *Miller* v. *O'Brien*, 9 Blatchf. 271, Judge Woodruff says: "The statute, (§ 5044,) in the most explicit terms, declares the attachment dissolved. In like explicit terms it declares that the assignment to the assignee shall relate back to the commencement of the proceedings in bankruptcy, and that the title to all the bankrupt's estate shall vest in the assignee."

*In re Scrafford*, 15 N. B. R. 104, Judge Dillon asserts that "all attachments levied within four months before the commencement of the proceedings in bankruptcy are dissolved, *ipso facto*, by operation of such proceedings."

In *Bracken* v. *Johnston*, 15 N. B. R. 106, Justice Miller, in discussing the meaning of the section of the bankrupt law now under consideration, says: "The purpose of the act was to put a creditor, who undertook to secure a lien by attachment, in precisely the same condition as one who took a preference or lien by consent of the debtor. In both cases the

creditor proceeded at his own hazard. If the debtor escaped the bankruptcy court for the prescribed time, the preference or lien remained valid. If he did not, it is *void absolutely*."

And the judgment of the supreme court in *Doe* v. *Childers*, 21 Wall. 643, is strongly in the same direction, although it be an implication, rather than a direct utterance. The decision there was that an attachment, laid more than four months previously to the proceedings in bankruptcy begun, continued a valid lien, and was not dissolved by the transfer of the bankrupt estate to the assignee.

But the court, in reaching that conclusion, say: "Under the fourteenth section (§ 5044 of Rev. St.) of the bankrupt act, the title *pendente lite* is transferred by operation of law from the bankrupt to the assignee in bankruptcy. The conveyance of the register operates as would, under ordinary circumstances, the deed of a person having the title, with two differences: *First*, it relates back to the commencement of the bankruptcy proceeding; *secondly*, the register's conveyance dissolves any attachment that has been made within four months previous to the commencement of the bankrupt proceedings."

The title of the complainant failing, and the law requiring him to stand upon the strength of his own title, rather than the weakness of his adversaries, the bill of complaint must be dismissed, with costs.