AARON SCHMILOVITZ *vs.* HARRY BERNSTEIN.

PROVIDENCE—JANUARY 7, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Bankruptcy Act.*

The proceeds of attached property in the custody of the court *pendente lite*, under the provisions of Gen. Laws R. I. cap. 254, § 3, stand in the place of the property attached, and the attachment lien is, by virtue of the United States bankruptcy law of 1898, section 67 (c), dissolved if the proceedings in bankruptcy were commenced within four months after such attachment.

ASSUMPSIT. Heard, jury trial waived, upon the following agreed facts. The plaintiff, on November 13, 1899, attached the goods and chattels of the defendant, and possession was taken by the sheriff. November 20, 1899, the goods were sold under an order of court and the proceeds paid into the registry of the court under Gen. Laws R. I. cap. 254, § 3. January 13, 1900, the defendant filed his petition in bankruptcy, and was adjudicated a bankrupt February 23, 1900.

It was agreed that the attachment would have been dissolved and the title to the goods would have vested in the trustee if the goods had remained *in statu quo*.

Douglas, J.    It was conceded in the argument of the case, and it is well settled by adjudications under the bankrupt act of 1867, that an attachment on mesne process made within four months before commencement of proceedings under the United States bankrupt act, by or against the defendant in an action in a State court, was dissolved *ipso facto* by the bankruptcy proceedings, the effect of the debtor's assignment relating back to the time of filing the petition in bankruptcy.

The provisions of the act of 1898 have the same effect with respect to attachment by mesne process, and work the dissolution of other specified liens as well. 30 Stat. L. 544, § 67 c ; § 67 f.

(1)    The only question debatable in this case is whether the change in specie of the attached property by sale under order of the court, and the substitution of the proceeds of the sale for the property itself, exempted the fund from the operation of the statute.

The cases cited by the plaintiff do not touch this question, as none of them deal with the effect of bankruptcy proceedings upon attachments by mesne process. They all are founded upon the provisions of the former act relating to judgment liens, which are very different from the provisions of the present law upon the same subject.

In the present case there is no judgment lien or assumption of jurisdiction by the court over the property, except to hold it as security for the satisfaction of the plaintiff's claim if he succeeds in proving it.

In respect to the fund, the statute, Gen. Laws R. I. cap. 254, § 3, simply makes the court the custodian of it *pendente lite* in place of the sheriff, who, under the former practice, would have kept it to await the result of the suit. The ownership of the fund remained in the defendant, subject to the attachment lien. A lien of this character acquired within four months before bankruptcy proceedings is avoided

by them under either United States statute. The authorities cited by the counsel for the trustee in bankruptcy, therefore, although decided under the former act, are equally applicable to the act of 1898.

This question was considered in 15 Fed. Cas. 1301, case 8714, *McCord et al.* v. *McNeil*, and it was decided :

1. An attachment of the property of a debtor on mesne process is *ipso facto* dissolved by a deed of assignment made in bankruptcy if the proceedings in bankruptcy were commenced within four months after such attachment. Rev. Stat. U. S. § 5044.

2. In such a case the assignee's right is superior to the right of the attaching creditor, although the attached property had been sold before the commencement of the bankruptcy proceedings and the proceeds paid over to the creditor after the adjudication but prior to the date of the deed of assignment.

It is said by Judge Dillon : "It is admitted by counsel for the creditor that if the property attached had not been sold prior to the filing of the petition in bankruptcy, the case would fall within *Bracken* v. *Johnston* (case No. 1761), and that the assignee in bankruptcy would be entitled to recover. But he claims that, having been sold before the commencement of the proceedings in bankruptcy, it was not 'then attached' (section 5044); that is, was not under attachment at the time the bankruptcy proceedings were instituted, and that the order of the State court to pay the proceeds to the creditor on his judgment is valid and effectual as against the assignee. It is my opinion that this narrow distinction cannot be maintained. The proceeds of the attached property stand in place of the property attached ; and these proceeds, or the right to them, passed to the assignee by virtue of the assignment which related back to the commencement of the proceedings in bankruptcy, at which last-mentioned time the money was in the custody of the State court, the same as the property had been out of which the money arose." See also *In re Ellis*, 8 Fed. Cas. 549, case No. 4400.

In the case at bar the money is still in the custody of the

court, the lien founded upon the attachment was discharged by the provisions of the bankrupt act, and the fund should be paid over to the assignee.

*James A. Williams,* for plaintiff.

*Frank H. Bellin,* for defendant.

*Chester W. Barrows,* for intervening trustee in bankruptcy.