R. W. WARD v. HARGETT, Administrator, et al.

(Filed 1 December, 1909.)

1. Bankruptcy — Trustee — Title Upon Adjudication — Location of Property.

On an adjudication of bankruptcy followed by subsequent appointment of trustees, the property of a bankrupt available for distribution among his creditors and situate anywhere within the United States or any one of them, passes to such trustees as of the date of the adjudication.

**2. Same—Liens—Preferences Avoided.**

    After an adjudication of bankruptcy any and all attempts by an existing creditor to obtain within the United States an advantage or to secure a lien which would result in a preference, is of no avail; and where such attempt is made by means of court process, State or Federal, the same will be avoided on timely and proper application on the part of the trustees.

**3. Same—Procedure—Attachment Vacated.**

    In this case, after the adjudication of the debtor as a bankrupt in the State of New York, the plaintiff instituted his action here to recover judgment for the amount of a note he held against the debtor, and when the summons was issued he levied an attachment upon real estate of the debtor situated within the county, and caused the summons and warrant of attachment to be served by publication. After the levy of the warrant of attachment the petitioners filed their petition showing that they were the duly appointed and qualified trustees in bankruptcy of the estate of the creditor. *Held,* the procedure of the trustees was appropriate, and that the attachment should be vacated.

**4. Bankruptcy Laws—Amendment—Adjudication—Registration— Title.**

    The amendment to the Bankruptcy Act of 5 February, 1903, directing the trustee to file a certified copy of the decree of adjudication in the office where conveyances of real estate are recorded, in every county where the bankrupt holds real estate not exempted from execution, etc., is directory only and does not affect the principle that the bankrupt's title passes by operation of law to the trustees in bankruptcy as upon the date of his adjudication.

APPEAL from *W. R. Allen, J.,* Spring Term, 1909, of ONSLOW.

Civil action, heard on motion by trustees in bankruptcy to dissolve an attachment. The relevant facts are as follows:

"On 25 April, 1908, a petition in involuntary bankruptcy was filed against Thomas A. McIntyre in the District Court of the United States for the Southern District of New York, and on 21 May, 1908, the said Thomas A. McIntyre was adjudged a bankrupt, and the petitioners were duly appointed trustees of the estate of the said McIntyre, and duly qualified and gave bond on 24 July, 1908.

"On 9 June, 1908, after the filing of the petition in bankruptcy against the said Thomas A. McIntyre, and after he was adjudicated a bankrupt, the plaintiff instituted this action to recover judgment for the amount of a note he held against said McIntyre, and in said suit at the time of the issuance of the summons caused to be issued and levied upon some real estate of the said Thomas A. McIntyre, then standing in his name upon the records of Onslow County, an attachment, and caused the summons and warrant of attachment to be served by publi-

cation, as shown in the record. After the levy of the warrant of
attachment the petitioners filed their petition, showing that they
were the trustees in bankruptcy of the estate of the said Thomas
A. McIntyre, appointed and qualified as hereinbefore stated, and
asked that the attachment be vacated. It further appears that
since this suit was instituted the said Thomas A. McIntyre has
died and his administrator has been made party defendant."

The court denied the motion, and the trustees (Burlingham,
Peck and Bonynge, petitioners) excepted and appealed.

*Louis Goodman, E. K. Bryan* and *Preston Cumming* for appellants.

*Frank Thompson* and *Rountree & Carr* for appellees.

HOKE, J., after stating the case: Under the present statute,
on an adjudication of bankruptcy, followed by subsequent appointment of trustees, the property of the bankrupt available for
distribution among his creditors, and situate anywhere within
the United States or any one of them, passes to such trustees as
of the date of the adjudication. Bankrupt Act, sec. 70; Remington on Bankruptcy, secs. 1112, 1116, 1117; Loveland on
Bankruptcy, p. 366.

Remington, *supra,* sec. 1112, is as follows:

"1112. Title Vests in Trustee by Operation of Law. That is
to say, in every part of the world over which the laws of the
United States are paramount, the bankrupt's adjudication, in
and of itself, without any assignment, transfer or other act of
the bankrupt, operates to divest him of all title and to vest it in
the trustee of his creditors."

The same author (sections 1117-1116) further interprets the
statute as follows:

"1117. The date of cleavage between the old and new estates
of the bankrupt is the date of the adjudication."

"1116. Title vests in the trustee for creditors upon his appointment and qualification, but then relates back to the date of
the bankrupt's adjudication."

To hold, as contended for by plaintiff, that the effect of the
adjudication on the property of the debtor is confined to the
ordinary territorial jurisdiction of the bankruptcy court, would
thus be contrary to the express provisions of the statute, and in
many cases frustrate what is perhaps the chiefest purpose of the
law, to insure the equal distribution of the assets of an insolvent
among his creditors. From the principle stated, it follows that,
after adjudication, any and all attempts by an existing creditor
to obtain within the United States an advantage, or secure a

lien which would result in a preference, is of no avail; and where such attempt is made by means of court process, State or Federal, the same will be avoided on timely and proper application on the part of the trustees. Remington, sec. 1125; *Muller v. Nugent,* 184 U. S., 1; *Bank v. Sherman,* 101 U. S., 403; *Reed v. McIntyre,* 98 U. S., 507; *Bank v. Dickson,* 95 U. S., 180; *Bank v. Cox,* 143 Fed., 91; *In re Bank,* 137 Fed., 818; *Hatfield v. Moller,* 4 Fed., 717; *Mixer v. Guano Co.,* 65 N. C., 552; *Whitridge v. Taylor,* 66 N. C., 275; *Randale v. McLean,* 40 Ga., 162.

In *Mixer v. Guano Co., supra,* an attachment had been levied on property of the debtor in this State, and, on motion to dissolve same by the assignee in bankruptcy, appointed in proceedings had in the United States District Court for Rhode Island, it was held: "The defendant is a corporation, created by the laws of the State of Rhode Island, did business in this State and owned property here. Within six weeks after a warrant of attachment had been executed on the estate of ·defendant situate in this State, it was declared a bankrupt, on its own petition, by the District Court of the United States of the District of Rhode Island, and a deed of assignment of all the estate of defendant was made to the assignee: *Held,* (1) that the warrant of attachment, although executed on the estate of defendant, is but *mesne process;* (2) that the effect of the appointment of the assignee was to vest the entire estate of the defendant in such assignee, and that the order for the dissolution of the warrant of attachment and the restitution of the estate of defendant to the assignee was proper."

And *Rodman, J.,* delivering the opinion of the Court, thus correctly states the doctrine applicable: "1. It is true that the District Court of Rhode Island has no means of enforcing upon a Superior Court of North Carolina a compliance with the act of Congress or with the orders of the District Court. If the plaintiffs in the present action resided within the district of Rhode Island, the District Court could enforce its orders by process *in personam* against them. As they reside beyond the jurisdiction of the District Court, that means is not open. But every court of the State of North Carolina owes obedience to an act of· Congress, concerning a matter within the power of Congress (as a bankrupt law confessedly is), as fully as a court of the United States does. Any contumacious attempt to evade such obligation would be defeated finally, upon well-recognized principles. The District Court of Rhode Island having jurisdiction over the person of the present defendant, and having adjudged it a bankrupt, no court of North Carolina can rightfully

dispute such adjudication, and the legal consequences must be submitted to. We consider the adjudication of the District Court of Rhode Island as equal in all respects, for the present motion, to a similar adjudication by a District Court of the United States for the district of North Carolina."

And the same position, in different aspects, finds support in the other cases cited, and in Remington, sec. 1125, it is said:

"1125. Nor can a lien by legal proceedings be meanwhile obtained thereon after the adjudication."

The authorities are also to the effect that the course taken by the trustees in the present instance is the appropriate method of procedure. Loveland on Bankruptcy, pp. 99-100. Nor is this position in any way affected by the amendment to the Bankruptcy Act of 5 February, 1903, to which we were referred by counsel, and which directs the trustee to "file a certified copy of the decree of adjudication in the office where conveyances of real estate are recorded, in every county where the bankrupt holds real estate not exempt from execution, and pay the fee for such filing," etc., etc. This is required for the purpose of giving more general notice as to the status of the property, but more especially with a view of affording more facile proof of title in behalf of local or other purchasers of the estate under the bankruptcy proceedings. But the title, as heretofore stated, passes by operation of law as of the date of the adjudication; and this provision, as it affects the title, is to be regarded only as directory. Under the Bankruptcy Act of 1867, the title passed by formal deed from the judge or the register to the assignee, and related back to the filing of the petition, and the assignee was directed by the statute to have such deed recorded in the various registry offices where the realty of the bankrupt was situated, within six months, etc.; and, under the decisions construing that statute, it was held that this requirement was directory and that the title was not otherwise affected. Bankruptcy Act 1867, sec. 14; Bump on Bankruptcy, 6th Ed., 393-394; *Phillips v. Helmbold,* 26 N. J. Eq., 202-208.

In this last case, speaking to this question, *Chancellor Runyon,* delivering the opinion, said: "The bankrupt law, indeed, directs that the assignment be recorded; but it has been repeatedly held that the recording of the assignment is not necessary to the validity of the transfer to the assignee, and is not designed to operate under the registry acts."

In our case, and under the present law, as heretofore stated, the title passes by operation of law as of the date of the adjudi-

151—24

cation; and, under the authorities cited, and for like reason, the requirement of this amendment, that the certified copy of the adjudication shall be filed in the register's office, should be held directory only.

There was error in refusing to vacate the attachment on petition of the trustees, and this will be certified, to the end that proper order should be made in conformity with this opinion.

Reversed.