In an action in Gates County, entitled "Corporation Commission v. Mrs. Fred T. Carrier," a judgment for bank stock assessment was duly docketed against her on 8 March, 1930. Mrs. Carrier was a resident of Tennessee and owned a Packard automobile. On or about 1 February, 1933, she left said automobile in the hands of the defendant in Gates County, North Carolina. Thereafter, and prior to 14 April, 1933, Mrs. Carrier filed a voluntary petition in bankruptcy in the District Court of the United States for the North Division of the Eastern District of Tennessee, and on said date was duly adjudicated a bankrupt. On 11 May, 1933, Dayton Hunter, of Elizabethton, Tennessee, was duly appointed and qualified as trustee of said bankrupt estate. The automobile was not listed in the schedule and this fact was discovered in the examination of the bankrupt before the referee, and thereupon the bankrupt duly listed said automobile. Thereafter the trustee in bankruptcy, pursuant to an order duly made by the referee, sold the automobile at the postoffice building in Elizabethton, Tennessee, on 4 October, 1933, and the plaintiff became the purchaser thereof for the sum of $10.00, subject to any and all valid liens. Said sale was duly confirmed by the referee in bankruptcy on 18 October, 1933, and a bill of sale was executed and delivered by the trustee to the plaintiff. The plaintiff came to North Carolina and made demand on the defendant for the car, and was informed that on 3 October, 1933, the sheriff of Gates County, under an execution duly issued on the bank assessment judgment, hereinbefore referred to, had duly sold said car at the courthouse door in Gatesville on 14 October, 1933, "when and where the defendant Hewitt Freeman became the purchaser thereof for the sum of $256.00," and that the sheriff of Gates County had executed and delivered to said defendant a bill of sale for the automobile.
There was evidence that the trustee in bankruptcy had called upon the defendant several weeks prior to the sheriff's sale and made an effort to obtain possession of the car, and that there had been considerable correspondence between the trustee in bankruptcy and the defendant.
At the conclusion of the evidence the judge instructed the jury to answer the issue of ownership in favor of the plaintiff, and the issue of *Page 209 
value in the sum of $256.00, as said amount was the only evidence upon that issue. It appeared from the evidence that the defendant was entitled to a storage lien in the sum of $44.90 upon said car, and thereupon judgment was entered that the plaintiff was the owner of said car and entitled to the possession thereof upon payment to the defendant of the sum of $44.90 storage charges.
From the foregoing judgment the defendant appealed.
The Bankruptcy Act provides that upon the appointment of a trustee that such trustee is "vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt," etc. See U.S.C.A. Title 11, sec. 110. It also provides that the title to the property of a bankrupt which has been sold "shall be conveyed to the purchaser by the trustee."
The adjudication of bankruptcy in Tennessee was made on 14 April, 1933, and thereupon the title to the automobile passed to the trustee by operation of the bankruptcy statute. Moreover, the trustee in bankruptcy conveyed such title as the bankrupt had to the plaintiff, and said sale was duly confirmed. Consequently, the plaintiff could assert in the courts of North Carolina all rights to the property which could be asserted by the trustee in bankruptcy, and was under the circumstances the real party in interest as contemplated by the laws of this State. Hence, the judge ruled correctly. See Ward v. Hargett, 151 N.C. 365, 66 S.E. 340; Straton v.New, 283, 318, 75 Law Ed., 1060; Ex Parte Baldin, 78 Law Ed., 674.
Affirmed.