A. B. HANSCOM *vs.* MOSES HERRICK & SARAH HERRICK.

August 4, 1874.

**Amended Answer.**—An amended answer is to be construed as if it were the only answer which had been interposed in the case.

In this action the plaintiff, a judgment creditor of the de-

fendant Moses Herrick, sought to have a trust declared in his favor in a certain eighty acres of land in Wabasha county, alleged to have been conveyed, on November 21, 1872, by one J. C. Hassinger and his wife to the defendant Sarah, for a consideration paid by the defendant Moses, and in fraud of the latter's creditors.   The action was tried in the district court for Wabasha county, before *Van Dyke*, J., upon whose findings a judgment was entered for the defendants, from which the plaintiff appeals.   The only question in the case is, whether evidence of prior transactions between the defendants, resulting in an indebtedness of Moses to Sarah, and that Moses caused the eighty acres of land in question to be conveyed to her by the Hassingers, in consideration of such indebtedness, and of a cash payment by her to him of five hundred dollars, was admissible under the allegations of the amended answer, which are stated in the opinion.

*John H. Brown*, for appellant.

*Brown & Stocker*, for respondents.

BERRY, J.   The counsel for the plaintiff presented and pressed his construction of the answer in this action, with so much ingenuity and earnestness upon the argument at bar, that we have hesitated long before announcing our inability to agree with him.   The counsel appears to us to have erred in confining the effect of the amendments of the original answer to the portions amended, overlooking the fact that an amended answer is the only answer in a case, and is to be construed as if it were the only one which had been interposed.   Every part of such amended answer is to be looked at with relation to every other part of the same, precisely as in the case of an original answer.

Now the amended answer alleges that "on November 21, 1872, said defendants made and entered into a contract and agreement to and with one J. C. Hassinger, whereby they agreed to exchange said lot two for the eighty acres of land described in plaintiff's complaint; and, on the day last aforesaid, said defendants by their deed conveyed said lot two to said Hassinger, in consideration of which said Has-

singer and wife made and executed, in due form of law, and delivered to defendant Sarah Herrick, their deed of the said eighty acres of land.''

The answer had previously averred that Moses Herrick, on July 11, 1872, purchased said lot two, and that the title deed to the same was made and delivered to him.

Subsequently to the above allegations as to the purchase of Hassinger, the answer alleged ''that said defendants caused said eighty acres of land to be conveyed to defendant Sarah Herrick, for a good and valuable consideration by her paid,'' etc.

The plaintiff contends that this is an allegation that the land was conveyed to Sarah Herrick, for a good and valuable consideration by her paid to Hassinger. But looking at this portion of the answer, in connection with the previous allegation that the consideration paid to Hassinger was lot two, the property of Moses Herrick, as this is not a necessary, so it is not a fair, construction. Something else is to be presumed to be meant by it. And viewing the allegation carefully, it is seen that it is not an allegation that the land was conveyed to her, for a consideration by her paid, but that *the defendants caused* it to be conveyed to her, for a consideration by her paid. It would seem, then, that the language used rather imports payment to defendants, for *causing* the conveyance to be made, than to Hassinger. If this be not so, then the answer is simply indefinite as respects the party to whom the consideration was paid. Upon either of these constructions, the evidence received for the purpose of showing that the consideration was paid to Moses Herrick by Sarah Herrick, was competent and admissible.

The court below finds, in substance, that Moses Herrick caused the eighty acres to be conveyed by Hassinger to Sarah Herrick, for a valuable consideration paid by her to said Moses. We think that, upon the evidence reported, this conclusion cannot be said to be strained or unwarranted. Instances are so frequent in which the property of

a husband is put into the name and hands of his wife, to
cover it from his creditors, that transactions between hus-
band and wife, such as appear in this case, are almost
always viewed with suspicion; but whatever doubts we may
have as to the *bona fides* of the conveyance to Mrs. Herrick,
we discover no grounds sufficient to warrant us in overturn-
ing the decision of the court below.

Judgment affirmed.