JACOB HERSEY *vs.* JOHN W. JONES.

Suffolk.　March 8. — 16, 1880.　ENDICOTT & SOULE, JJ., absent.

An assignment in bankruptcy, proved to have been executed and delivered by the register to the assignee, is, under the U. S. Rev. Sts. § 5049, conclusive evidence of his right to sue; and any defects or irregularities in the previous proceedings cannot be set up in defence of an action brought by him.

In an action by the assignee of a bankrupt, if the original assignment has not been recorded, and has been lost, secondary evidence of its contents is admissible.

ACTION by the assignee in bankruptcy of Arthur A. R. Bittern to recover back property conveyed by the debtor in fraud of the bankrupt act.

At the trial in the Superior Court, the plaintiff introduced in evidence the docket entries of the District Court of the United States and of its register in bankruptcy, showing the filing of the petition, the adjudication of bankruptcy, the choice of the plaintiff as assignee, his acceptance of the trust, and the execution by the register of an assignment of the bankrupt's estate to him, before the bringing of this action, but no approval of his election by the judge. The defendant introduced from the files of that court the judge's approval of the election at a date subsequent to the bringing of this action, but as of the date of the election. The plaintiff offered to show that the register made and delivered to him the instrument of assignment required by law; and that it had not been filed nor recorded, and had been lost; and offered to show its contents. , The plaintiff also offered to show that it was not customary for the judge formally to approve assignees, and that it was customary for the register to deliver the assignment to the person elected assignee, as soon as he had accepted the trust, without waiting for the approval of the judge.

*Wilkinson*, J., excluded the evidence, ruled that the assignee had no title to bring and maintain this action, directed a verdict for the defendant, and reported the case for the determination of this court. If the exclusion of evidence and the ruling were right, judgment was to be entered on the verdict; if wrong, the verdict to be set aside and a new trial ordered.

*E. Avery*, for the defendant. When this action was brought, the assignee had not been approved by the judge, and therefore had no right to act. U. S. Rev. Sts. § 5034. *In re Scheiffer*, 2 Bankr. Reg. 591. The subsequent approval by the judge cannot operate retrospectively. Neither the record of the court nor that of the register shows that any assignment was ever in fact delivered to the assignee. The plaintiff's offer to prove that an assignment had been delivered to him, and its contents, was properly rejected. *Burk* v. *Winters*, 28 Ark. 6. By the U. S. Rev. Sts. § 5049, a copy of the assignment, under the seal of the court and certified by the clerk, is conclusive evidence of the assignee's right to sue. The original assignment and such a certified copy are both primary evidence, and to warrant the introduction of secondary evidence it must be shown that neither could be produced. The customs offered to be proved could not control the express provision of the act of Congress.

*H. N. Shepard*, for the plaintiff.

GRAY, C. J. The bankrupt act of the United States provides that, if no choice of assignee is made by the creditors at the first meeting, the judge, or, if there be no opposing interest, the register, shall appoint one or more assignees, and that " all elections or appointments of assignees shall be subject to the approval of the judge; " U. S. Rev. Sts. § 5034; that, as soon as an assignee is appointed and qualified, the judge, or, where there is no opposing interest, the register, shall make an assignment to him of the debtor's property; § 5044; and that "a copy duly certified by the clerk of the court, under the seal thereof, of the assignment, shall be conclusive evidence of the title of the assignee to take, hold, sue for and recover the property of the bankrupt." § 5049.

We have not considered whether the facts of this case show a want of such approval of the plaintiff's election as assignee as

the bankrupt act requires; because, if an assignment is proved to have been executed and delivered by the register to the assignee, it is conclusive evidence of his right to sue, and any defects or irregularities in the previous proceedings cannot be set up in defence of the action, but can only be availed of by application to the supervisory jurisdiction in equity of the Circuit Court of the United States.    U. S. Rev. Sts. § 4986.   *Wheelock* v. *Hastings*, 4 Met. 504.   And if the original assignment has not been recorded, and has been lost or destroyed, so that it is impossible to produce either the original or a certified copy thereof, secondary evidence of its contents is admissible.   *Brigham* v. *Coburn*, 10 Gray, 329.   The evidence offered· of the execution, delivery and contents of the assignment was therefore wrongly excluded.                              *New trial ordered.*