ALMON HOWES *vs.* SUMNER BURT & another.

Franklin.    Sept. 21, 1880. — Feb. 24, 1881.    COLT & FIELD, JJ., absent.

Under the Gen. Sts. c. 118, § 47, an assignment in insolvency, made by the judge to the assignee, is conclusive evidence of the latter's authority to sue; and, in a suit by him, it is not open to the adverse party to contest the regularity and validity of the proceedings in insolvency.

The failure of the register, and of the assignee, to record an assignment in insolvency, as directed by the Gen. Sts. c. 118, §§ 6, 43, does not invalidate the assignment, or defeat the assignee's right to sue.

If a person, having a right of homestead, executes a deed to another of an undivided half of the land, this bars the right of homestead, and he cannot acquire a new right of homestead by continuing to occupy the premises in common with the grantee; and it makes no difference that the wife of the grantor does not join in the deed until just before it is recorded, nearly five years after it was made, if the deed was delivered to the grantee with the understanding that she was to sign it, and she signed it in pursuance of the original agreement.

MORTON, J.    This is a writ of entry to recover a tract of land in Hawley, brought by the assignee in insolvency of Silas Dodge against Sumner Burt and Silas Dodge.   The demandant having put in evidence the assignment to him from the judge of insolvency, the tenants offered to show that the proceedings in insolvency were irregular, because the notices required by statute were not duly given and published.   The court rightly excluded this evidence.   The statute provides that "in suits prosecuted by the assignee, the assignment made by the judge shall be conclusive evidence of his authority to sue."   Gen. Sts. c. 118, § 47.   Under this provision, it has always been held that, in a suit brought by an assignee, it is not open to the adverse party to contest the regularity and validity of the proceedings

in insolvency. *Wheelock* v. *Hastings*, 4 Met. 504. *Penniman* v *Freeman*, 3 Gray, 245. *Merriam* v. *Sewall*, 8 Gray, 316. *Her sey* v. *Jones*, 128 Mass. 473.

The tenants objected that the assignment to the demandant had not been recorded by the register of insolvency or in the registry of deeds. The court rightly ruled that those facts did not invalidate the assignment, or defeat the demandant's right to maintain this action. The assignment, when made by the judge and delivered to the assignee, vests in the assignee, by operation of law, the estate of the insolvent debtor. The provisions, that the register shall record the assignment (Gen. Sts. *c.* 118, § 6), and that the assignee shall cause it to be recorded in the registry of deeds in each county where there may be real estate of the debtor (Gen. Sts. *c.* 118, § 43), are directory merely, and not conditions precedent to the validity or operation of the assignment. *Hall* v. *Whiston*, 5 Allen, 126.

At the trial, the tenant Silas Dodge contended that he had a right of homestead in the demanded premises under the St. of 1855, *c.* 238. It was admitted that he owned and occupied the premises as a homestead for many years prior to 1855; but it appeared that he executed a deed of an undivided half of the premises to his son Luther, which deed was dated April 8, 1865, and recorded March 8, 1870, in which deed his wife joined for the purpose of releasing her right of homestead and of dower. This deed upon its face defeats and bars the right of homestead. Though Silas Dodge afterwards lived upon the premises with his son Luther, he had only an undivided interest as a tenant in common, and could not by such occupation acquire a new right of homestead. *Thurston* v. *Maddocks*, 6 Allen, 427. *Bates* v. *Bates*, 97 Mass. 392. But the tenants introduced evidence tending to show that the wife of Silas Dodge did not in fact execute this deed until a short time before it was recorded; and contended that therefore the deed was not a bar to the right of homestead. Upon this point, the court instructed the jury " that, if it was the agreement, when the deed from Silas Dodge to Luther under date of April 8, 1865, was made, that Mrs. Mary A. Dodge should release her homestead, and the deed was drawn and delivered to Luther with the understanding that she should so sign it and relinquish her homestead right, and she

afterwards signed it in pursuance of such understanding, adopting the same seal as her husband, it would be a sufficient deed to bar the homestead right." We are of opinion that this instruction was correct. Under it, the jury must have found that it was the understanding and intent of the parties that the deed was not to be taken as a completed and operative deed until it was signed by Mrs. Dodge. Suppose she had signed it the next day after her husband executed it, could her signature be held to be inoperative? Certainly not, without defeating the intent of the parties and working a fraud upon the grantee. The lapse of a much longer time before she signed it, which may be accounted for by the relations of the parties, makes no difference in the principle. When Mrs. Dodge signed the deed, she did it as a part of the original transaction. Upon her signing it, the deed became fully complete and operative, according to the intent and understanding of all parties, and was a bar to the right of homestead, as the Superior Court rightly ruled.

*Exceptions overruled.*

*C. Delano & A. De Wolf*, for the tenants.
*S. T. Field & S. O. Lamb*, for the demandant.