FRANCIS M. HOLMES & others *vs.* GEORGE C. WINCHESTER
& others.

Worcester.    Oct. 3, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

An estate of homestead, under the St. of 1855, *c.* 238, does not exist in land held
in common and undivided.

While the St. of 1855, *c.* 238, was in force, a parcel of land was purchased by a
firm with a view to its occupancy by one member as his home. Immediately
after the purchase, the amount was charged to this member on the books of the
firm, and he took possession of it and occupied it. After the repeal of the St.
of 1855, the other partner released his interest to the one in possession. *Held,*
that no estate of homestead was acquired under the statute.

WRIT OF ENTRY, by the assignees in insolvency of the estate
of George C. Winchester, against said Winchester, Sarah W.
Winchester, and Susan A. Whitney, to recover a certain parcel
of land in Ashburnham. Trial in the Superior Court, before
*Knowlton,* J., who allowed a bill of exceptions, in substance as
follows :

It appeared that the demanded premises constituted the dwell-
ing-place of George C. Winchester ; and that it was conveyed
to him at several times by various parties.

The first tract purchased was conveyed to Charles Winchester
and George C. Winchester, on June 10, 1856, by one Austin
Whitney ; and on January 17, 1859, Charles Winchester released
his interest in it to George C. Winchester, by a deed in which
George C. Winchester joined in the granting clause, the grantors
being described as " traders, and doing business under the style of
C. and G. C. Winchester." The *in testimonium* clause began as
follows :  " In witness whereof, we, the said Charles Winchester,
Nancy M. Winchester, and George C. Winchester (as partners
in the firm) have hereunto set our hands and seals." All the
other portions constituting the dwelling-place were conveyed to
George C. Winchester after the conveyance by Whitney.

It appeared that, on August 30, 1879, certain of the creditors
of George C. Winchester instituted proceedings in insolvency
against him ; that the plaintiffs were appointed assignees of his
estate ; and that on January 26, 1880, the estate of said Win-
chester was duly assigned to them.

Sarah W. Winchester was the wife of George C. Winchester, they having been married about 1849.

George C. Winchester and Sarah W. Winchester contended that they were entitled to a homestead in the tract described in the deed from Whitney; and offered to prove that the land described in said deed was bought and paid for by the firm of C. and G. C. Winchester with a view to its being occupied as a home by George C. Winchester; that, immediately after it was bought, the purchase money was charged by the firm to George C. Winchester, and he began to alter and improve the property, fitting the building upon it for a dwelling-house for himself to live in; that the alterations and repairs were completed in March, 1857, and in that month he began to live in it with his family; and that he and his family have ever since occupied it as a homestead.

The judge ruled that the facts offered to be proved would not, if established, constitute a defence to the action; excluded the evidence; and directed a verdict for the demandants. The tenants alleged exceptions.

*F. A. Gaskill,* for the tenants.

*S. Hoar,* for the demandants.

FIELD, J.  George C. Winchester and Sarah W. Winchester, his wife, two of the tenants, claim under the St. of 1855, *c.* 238, an estate of homestead in the tract of land conveyed by Austin Whitney to Charles Winchester and George C. Winchester on June 10, 1856. But until Charles Winchester released his interest in this tract to George C. Winchester, on January 17, 1859, the two Winchesters were tenants in common of the land. An estate of homestead was not created by that statute in land held in common and undivided; and the statute was repealed before the conveyance of January 17, 1859. St. 1857, *c.* 298, § 18.  *Thurston* v. *Maddocks,* 6 Allen, 427.  *Bates* v. *Bates,* 97 Mass. 392.  *Howes* v. *Burt,* 130 Mass. 368.  *Weller* v. *Weller,* 131 Mass. 446.

The evidence offered by Mrs. Winchester had no tendency to prove that she was seised of a legal estate of freehold in the demanded premises, or in any part of them.

*Exceptions overruled.*