GRANT M. PALMER *vs.* EBEN D. JORDAN & others.

Suffolk.　November 19, 1894. — April 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Insolvent Debtor — Conclusiveness of Assignment — Validity of Purchase from Debtor pending Insolvency Proceedings.*

An assignment in insolvency is conclusive evidence, in an action by the assignee for the conversion of the insolvent's goods, of the plaintiff's authority to sue, and it is not open to the defendant to contest the validity of the insolvency proceedings.

The title of a purchaser of property in good faith, after the seller has filed a petition in insolvency, is invalid as against that of the latter's assignee.

HOLMES, J.　This is an action for the conversion of a stock of goods, brought by the assignee of one Gibb against purchasers of the stock from Gibb.　The purchase was made after Gibb had filed a petition in insolvency.　The date of the assignment to the plaintiff does not appear, but before the purchase by the defendants, which was on January 28, 1893, a warrant had issued from the Court of Insolvency, signed by the judge in the usual form, under Pub. Sts. c. 157, § 17, directing the messenger to take possession of Gibb's estate, and to publish notice of a meeting of creditors for the proof of debts and the choice of an assignee.　Notice had been published on the following day, December 17, 1892, as directed.　At this time proceedings were pending for a composition, and evidence was offered tending to show that the form of the warrant was a mistake, as not following the petition on which it was granted, and otherwise, and that it should have been a warrant under § 113, simply directing the messenger to keep the property until further order of the court.　An exception was taken to a ruling that the warrant was issued by the court.　But, apart from other difficulties in the way of the argument, the assignment is conclusive evidence in this suit of the plaintiff's authority to sue, and it is not open to the defendants to contest the validity of the proceedings.　Pub. Sts. c. 157, § 51.　*Howes* v. *Burt*, 130 Mass. 368.　See *Richardson* v. *Hazelton*, 101 Mass. 108.　As the assignment is conclusively valid, it must have had the statutory

effect to vest in the plaintiff all the property of Gibb which Gibb could have conveyed or which might have been taken on execution upon a judgment against him on December 17, 1892. § 46. It follows that the foregoing and other exceptions founded on alleged irregularities in the insolvency proceedings must be overruled.

It appeared that a little more than a month before the filing of the petition in insolvency Gibb had formed a partnership with one Plumer, under which it was contended that Plumer became jointly interested with Gibb in the stock, and as the defendants are found to have purchased in good faith from Gibb, although without knowledge of the partnership, it is argued that they are entitled to the benefit of that circumstance, and are to stand as *bona fide* purchasers from the firm. But it is found as a fact that the partnership was fraudulent and void as against the creditors of Gibb. We do not regard the bill of exceptions as purporting to set forth the evidence on which this finding was based, notwithstanding the statement that there was no evidence on behalf of the plaintiff other than that set forth material to the questions raised by the bill. But it appears that the defendants introduced evidence not stated that Plumer was in possession jointly with Gibb and acted as partner, but that the court found the contrary, and, connecting these facts with the date of the partnership agreement and the probably illusory mode of paying the note of $1,000 which Plumer gave for his interest, (which was to be paid by the transfer to Gibb of Plumer's one fifth of the net profits of the business,) the conclusion was not a very hard one to reach. Taking it as found, that the partnership was fraudulent, the assignment would have vested all the so called firm's property in the assignee, at his election, as of a date before the defendants' purchase, if no purchase had been made. *Freeland* v. *Freeland,* 102 Mass. 475, 477. *Gibbs* v. *Thayer,* 6 Cush. 30, 33. *Morgan* v. *Abbott,* 148 Mass. 507.

The purchase can make no difference. The case is not like the transfer of a title got by fraud to a *bona fide* purchaser when no proceedings are pending. Proceedings were pending the effect of which if carried out would be to vest this property in the assignee. The statute is absolute that the assignment shall

vest "all" such property in him. § 46. It certainly did not intend to leave it in the power of the insolvent in the mean time to defeat the proceedings and the express words of the enactment. In *Judd* v. *Ives*, 4 Met. 401, 403, the effect of the statute is put even more strongly, and it is said that the debtor is devested of his property even before the assignment, and that the property by the act of publication is placed in the custody of the law. We do not think that the matter needs fuller discussion. *Stevens* v. *Mechanics' Savings Bank*, 101 Mass. 109. *Butler* v. *Mullen*, 100 Mass. 453.

The foregoing are the only questions which it is necessary to deal with, although other rulings were made which were merely speculative in view of the findings of fact.

*Exceptions overruled.*

*H. G. Nichols*, for the defendants.
*A. E. Pillsbury & G. M. Palmer*, for the plaintiff.