JOSEPH HULL, PRAIRIE PEBBLE PHOSPHATE COMPANY, A CORPORATION, AND SAVANNAH TRUST COMPANY, A CORPORATION, *Appellants,* v. ARTHUR E. BURR, AS TRUSTEE IN BANKRUPTCY OF THE PORT TAMPA PHOSPHATE COMPANY, *Appellee.*

1. A motion to dismiss a bill for want of equity, if ever proper practice, should not be entertained by the Circuit Court, after demurrer to the bill is overruled by the appellate court.

2. After demurrer to the whole bill is overruled, a second demurrer to the whole bill is not allowed.

3. While irregular in setting down a plea for argument, to incorporate in the motion an argument pointing out specifically movant's theory of the case, it works no material harm to the defendant.

4. A judgment in ejectment against a bankrupt, rendered in a Federal Circuit Court, does not bind the trustee in bankruptcy not a party, when the action began after the adjudication in bankruptcy, even though the trustee was not then appointed and the bankruptcy proceedings took place in another State, the home of the bankrupt.

5. Those acquiring rights to a bankrupt's property, subsequent to the adjudication in bankruptcy, who have knowledge of sufficient facts to put them on inquiry, are not bona fide purchasers.

6. Failure to file the adjudication in bankruptcy in the county where the property lies, does not affect the principle that the bankrupt's title passes by operation to the trustee in bankruptcy as upon the date of his adjudication, the statute requiring recordation being directory only.

This case was decided by Division A.

40 Vol. 61

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell* and *Wilson & Swearingen,* for Appellants;

*E. R. Gunby* and *James F. Glenn,* for Appellee.

COCKRELL, J.—A full statement of the bill of complaint and the demurrer thereto will be found in the report of the former appeal, 58 Fla., 432, 50 South. Rep., 754. The order there affirmed was that the demurrer be overruled and the defendants be allowed time within which to answer the bill. Upon the return of our mandate the defendants moved to dismiss the bill and for leave to file a demurrer with amended or additional grounds, and also filed pleas, the motions were denied, the pleas overruled with leave to answer, and the defendants again appeal.

We find no difficulty in disposing of the assignments based upon the motions to dismiss and to file a second demurrer. Upon the former hearing we held the demurrer not well taken, the contention thereof being that the bill did not make or state such a case as entitled the complainant in a court of equity to the relief prayed, or to any relief. The practice of moving to dismiss bills for want of equity does not obtain in this State, but even in Alabama where it does, it is confined to entire want of equity all amendable defects being treated as amended and should be made before demurring. In view of the decision of this court that the bill contained equity, it

may well be doubted if the circuit court had power to entertain the motion.

The second demurrer tendered to the unamended bill went to the whole bill as did the first, and we see nothing to bring this without the general rule that such demurrers are not allowable.    6 Ency. Pl. & Pr., 429; Gen. Stats. § 1873.

Another practice point may be here disposed of.    The complainant in setting down the plea for argument, incorporated in the motion an argument to show specifically the theory upon which he contended the plea insufficient. No new matter was set up, merely a restatement of some allegations of the bill.    The object of this departure from the regular orders being as stated on the argument before us, to save clearly the federal question.    We see no need for this, but at the same time we see no possible harm to the defendants in being placed in advance of the argument in possession of the position to be taken by the complainant, the addition to the record in the way of costs being trifling and negligible.

We come now to the serious contest between the parties as to the sufficiency of the pleas.

That of the defendant Hull rested upon the judgment in ejectment recovered by him in the United States circuit court for the Southern District of Florida in March, 1906, in an action commenced on November 28, 1905, against the Port Tampa Phosphate Company and one N. B. Childs, its agent in possession of the lands.    The bill of complaint alleged that on November 27th, 1905, one day before the action began, the Port Tampa Phosphate Company, a Massachusetts corporation, but whose principal assets consisted of these Florida lands, was adjudged a bankrupt by the United States District Court for Massachusetts, upon an involuntary petition in bankruptcy

filed against it on November 9th, 1905; Burr who quali-
fied as trustee on December 27, 1905, was not made a
party to the action in ejectment and did not appear
therein.

Admitting that the bankrupt is bound by that judg-
ment, is it a bar to the right sought to be asserted by the
trustee? We premise that in this State ejectment is a
possessory action whereby without the common law fic-
tions, title to real estate is tried and determined, and
further that under the bankruptcy statute, the trustee
is vested by operation of law with the title of the bank-
rupt as of the date he was adjudged a bankrupt   *   *   *
to all   *   *   *   property which prior to the filing of the
petition he could by any means have transferred, or which
might have been levied upon and sold under judicial
process against him, and further that the Port Tampa
Phosphate Company's interest in this land was subject to
voluntary or involuntary transfer or sale.

We are dealing then with a case where possession of
*res* is involved and where the *res* is essential to the action.
The judgment adjudicates the title and awards posses-
sion, whereas by virtue of the adjudication in bank-
ruptcy the title of bankrupt at once by operation of law
passes to the trustee then or thereafter to be appointed.
The declaration in ejectment alleges and must allege that
the defendant, the bankrupt, is in possession of the land,
yet its possession was under its title which had been di-
vested and passed with this divestiture to the court which
had actually asserted its undoubted jurisdiction. The
bankrupt if not dead, when the action in ejectment began
was at least comatose. Its title had been taken by the
bankruptcy court and its assets being there administered,
it cannot be conceived how a judgment rendered against
it in such strait, can estop the trustee who takes not by

assignment *pendente lite* but by operation of the law as of a time when no action was pending.

The defendants, Prairie Pebble Phosphate Company and Savannah Trust Company, filed separate pleas, seeking to set up the defense of *bona fide* purchasers. Their rights were all acquired subsequent to the adjudication in bankruptcy. These pleas are quite lengthy and might be criticized for technical inaccuracies, but we think it clear they failed either upon the ground that they disclose a sufficient knowledge of facts to have placed upon them the duty of further inquiry as to the exact status existing between her and the Port Tampa Phosphate Company, or upon the grounds that the property they sought to purchase was in *custodia legis*.

The amendment to the Bankruptcy Act of 5 February, 1903, directing the trustee to file a certified copy of the decree of adjudication in the office where conveyances of real estate are recorded, in every county where the bankrupt holds real estate not exempted from execution, etc., is directory only and does not affect the principle that the bankrupt's title passes by operation of law to the trustees in bankruptcy as upon the date of his adjudication. Ward v. Hargett, 151 N. C., 365, 66 S. E. Rep., 340.

The orders appealed from are affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.