Hull v. Burr—Syllabus.

---

JOSEPH HULL et al., Appellants, v. ARTHUR E. BURR AS TRUSTEE IN BANKRUPTCY, Appellee.

1. The court cannot properly adjudicate the matters involved in a suit where it appears that necessary and indispensable parties to the proceeding are not before the court.

2. A pleading in an equity cause that is in effect merely an application to the court to dismiss the suit because the plaintiff is not authorized to prosecute it, is not a nullity and is not a waiver or an abandonment of the rights of defendants whose answers to a material part of a bill and replications thereto are on file in the cause, so that a decree pro confesso may be entered.

This case was decided by Division A.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

Bisbee & Bedell and Wilson & Swearingen, for Appellants;

*E. R. Gunby* and *James F. Glen,* for Appellee.

WHITFIELD, C. J.—The original bill of complaint herein was filed March 26th, 1908, by Arthur E. Burr as Trustee in Bankruptcy, for the enforcement of an equitable right in real estate. An amended bill was filed September 4th, 1908, and a demurrer thereto was overruled, Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754; Ib. 475, 50 South. Rep. 768. On January 3rd, 1910, an answer to a part of the bill and a plea and answer to a part of the bill of complaint was filed by the defendant Joseph Hull. On January 8th, 1910, a plea and answer to a part of the bill and an answer to a part of the bill of complaint were filed by the defendant the Prairie Pebble Phosphate Company. Replications to these separate answers were filed February 7th, 1910. On January 8th, 1910, a plea of the defendant Savannah Trust Company was filed. Subsequently all the defendants filed a motion to dismiss the bill of complaint; and a motion for leave to withdraw his plea and to file a demurrer was filed by the defendant Joseph Hull. The pleas filed were overruled and the motions to dismiss the bill of complaint and for leave to withdraw a plea and to file a demurrer were denied with leave to answer. Hull v. Burr, 61 Fla. 625, 55 South. Rep. 852.

On April 4th, 1911, the defendants filed a "plea" setting up that the plaintiff Burr, had resigned as trustee in bankruptcy March 12th, 1909, and his resignation had been accepted; and that he was not authorized to maintain this suit, therefore a dismissal of the suit was prayed. On May 1st, 1911, the court entered a decree *pro-confesso* and appointed a Master to state an account.

The first portion of the decree is as follows:

"This cause coming on to be heard on this the rule day

in May, A. D. 1911, in open court, upon the application of
the complainant by its solicitors for a decree *pro-confesso*
against the defendants, Joseph Hull, Prairie Pebble Phos-
phate Company, a corporation, and Savannah Trust Com-
pany, a corporation, and it appearing to the court that on
the 26th day of April, A. D. 1910, the court made a decree
adjudging the pleas of the defendants theretofore filed to
a portion of the amended bill of complaint to be insuffi-
cient and overruling the said pleas, and granting to the
defendants until the rule-day in June, A. D. 1910, to file
answers to the said amended bill of complaint supple-
mentary to or in lieu of those already filed to a part of the
said amended bill of complaint, and that thereafter an
appeal was taken by the defendants from the said decree
to the Supreme Court of the State of Florida, whereupon
on the said appeal the said decree was affirmed by the
Supreme Court of the State of Florida, and a mandate
from the said court so affirming the said decree duly
issued and was filed in this court, and that thereafter on
the 4th day of April, A. D. 1911, the defendants, and each
of them instead of filing answers to the amended bill of
complaint filed pleas thereto attempting to set up matters
alleged to be in abatement of the said suit which occurred
subsequently to the filing of the amended bill of complaint
and prior to the filing of the pleas heretofore adjudged to
be insufficient, and it further appearing to the court that
the said pleas so filed by the defendants are not in com-
pliance with the order of the court made in overruling the
former pleas and requiring answers to the amended bill of
complaint, and are of such character that the same should
be regarded as a nullity, and that by so filing the said
pleas purporting to be to the whole of the said amended
bill of complaint and attempting to set up matters which
have occurred since the filing thereof, the defendants

have waived the answers formerly filed by them to portions of the amended bill of complaint, it is therefore ordered, adjudged and decreed that a decree *pro-confesso* be and the same is hereby entered against the said defendants and each of them and that all and singular the allegations of the said amended bill of complaint be and the same are hereby taken as confessed by the said defendants, Joseph Hull, Prairie Pebble Phosphate Company, a corporation, and Savannah Trust Company, a corporation."

The defendants appealed from the decree and every part thereof.

Among the errors assigned is the decree *pro-confesso.*

In entering the decree the court states that the pleas filed April 4th, 1911, were not in compliance with the order of the court allowing time to the defendant to answer, and that such pleas "are of such character that the same should be regarded as a nullity, and that by so filing the said pleas purporting to be the whole of the said amended bill of complaint and attempting to set up matters which have occurred since the filing thereof, the defendants have waived the answers formerly filed by them to portions of the amended bill of complaint;" and therefore the decree *pro-confesso* was rendered by the court. The so-called plea filed April 4th, 1911, being in effect merely an application to dismiss the suit if the plaintiff was not authorized to prosecute it, was not an improper method of calling to the attention of the court the alleged and not denied absence of necessary parties plaintiff, so that proper parties could be made as it was the duty of the plaintiff to do or suffer a dismissal. The court cannot properly adjudicate the matters involved in a suit where it appears that necessary and indispensable parties to the proceeding are not before the court. Robin-

son v. Howe, 35 Fla. 73, 17 South. Rep. 368; Florida Land
Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 South.
Rep. 392; Sarasota Ice, Fish & Power Co. v. Lyle & Co.,
53 Fla. 1069, 43 South. Rep. 602; Worley v. Dade County
Security Co., 52 Fla. 666, 42 South. Rep. 507.

Whether properly denominated a plea or not the appli-
cation to the court filed April 4th, 1911, is not an amended
answer as in Dunlap v. Robinson, 12 Ohio St. 530, and
Handscom v. Herrick, 21 Minn. 9, cited by appellee, but
it merely asserted the defendant's right to have proper
plaintiff before the court.   Such application was not a
nullity and could not be regarded as a waiver or an aban-
donment of any rights of the defendants whose answers
to a material part of the amended bill of complaint and
the plaintiffs' replication thereto were on file. There being
answers to a part of the bill and replications thereto on
file, the entry of the decree *pro-confesso* was unauthorized.
(Shipman's Eq. Pl., p. 430), and the other portions of the
decree rest only on the erroneous default entry.   The
question of whether the proper parties plaintiff are before
the court, should be determined before any further pro-
ceedings are had in the cause.

The decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the
opinion.