JOSEPH HULL, *et al., Appellants,* v. ARTHUR E. BURR, FRANK L. SIMPSON, AND J. HOWARD EDWARDS. *Appellees.*

EQUITY PRACTICE—SUPPLEMENTAL BILL—COLLATERAL AT-
TACK ON JUDGMENTS OF BANKRUPTCY COURT—
ABATEMENT OF SUIT BROUGHT BY SOLE
TRUSTEE IN BANKRUPTCY ON HIS
RESIGNATION.

1 Where a sole trustee of a bankrupt estate institutes a suit to recover property of the estate and resigns during the pendency thereof, such suit does not abate on his resignation, but may be proceeded with by his successors when appointed just as though the same had been instituted originally by such successors. And supplemental bill is the proper procedure to have such successors formally brought into the case as parties thereto.

2. A law that confers power to supply by appointment, a place vacated by death, disability or removal, authorizes an ap-

pointment to be made where the vacancy is occasioned by resignation.

3. A collateral attack cannot be made in a suit pending in a State court upon the judgments, orders and proceedings of a Federal Court in Bankruptcy, either by way of defense to a supplemental bill brought for the purpose of having successors to a resigned trustee of the bankrupt's estate made formal parties to a pending suit instituted by the resigned trustee to recover property of the bankrupt's estate, or as a defense to the original bill so instituted.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell* and *Wilson & Swearingen,* for Appellants;

*E. R. Gunby, J. F. Glen* and *Frank L. Simpson,* for Appellees.

TAYLOR, J.—This is the fifth appearance of this cause in this court.  See 58 Fla. 432, 50 South. Rep. 754; 61 Fla. 625, 55 South. Rep. 852; 62 Fla. 499, 56 South. Rep. 673; 63 Fla. 440, 57 South. Rep. 616. In the case as reported in 58 Fla. 432, 50 South. Rep. 754, will be found a full statement of the original and amended bill of complaint filed by Arthur E. Burr as trustee in Bankruptcy of the Port Tampa Phosphate Company, against the appellants, to establish an equitable title therein alleged to be in the said bankrupt to certain lands in this State. In the case as reported in 62 Fla. 499, 56 South. Rep. 673, it will be seen that Burr, the original complainant, had resigned from his trusteeship on March 12th, 1909,

subsequent to the filing of his bill herein, and in that decision of the cause we held in effect that the question of proper parties to the suit was primarily with the trial court to determine, and that it should be determined before any further proceedings were had in the cause.

Subsequently to this decision in the cause by this court the appellees filed their supplemental bill in the cause alleging therein that on the 12th day of March, 1909, since the filing of the original bill herein the said Arthur E. Burr, who was the sole trustee in bankruptcy of the Port Tampa Phosphate Company, resigned as such trustee, and that immediately on the said 12th day of March 1909, he was re-appointed as such trustee and Frank L. Simpson and J. Howard Edwards were at the same time appointed as co-trustees of said bankrupt company, and their official bond as such trustees fixed at the sum of one thousand dollars by said bankruptcy court, which bond they have duly made, and which bond was duly filed and approved by the referee in bankruptcy on the — day of March, 1909. That after their appointment as trustees in substitution for the said Arthur E. Burr they duly made a report of the pendency of this suit to the bankruptcy court and of the status thereof at the time of such report, and by a judgment and order of the said bankruptcy court entered on the 29th day of March, 1909, they were directed by the said court to continue with this suit and to conduct the same to a termination.

The supplemental bill prays that the said three trustees in bankruptcy may be substituted as complainants in the said amended bill in the place and stead of the sole complainant Arthur E. Burr, named therein, and that they may have the benefit of all the former proceedings had in the cause, and may have the same relief against the said defendants to which the said Arthur E.

Burr as trustee would have been entitled had he continued to be sole trustee.

To this supplemental bill the appellants as defendants below answered incorporating in their answer a general demurrer on the ground that the said supplemental bill does not make or state such a case as entitles the complainants to a decree reviving the suit in the said bill mentioned. The answer then assails the proceedings in the bankruptcy court of the United States for the District of Massachusetts by which the complainants were appointed and qualified as Trustees in Bankruptcy of the Port Tampa Phosphate Company, alleging divers irregularities in said proceedings and want of jurisdiction to adjudge said Phosphate Company a bankrupt, and a qualified denial that there ever was any legal adjudication of bankruptcy by said bankruptcy court.

The complainants filed twenty-three exceptions to the said answer for irrelevancy and impertinency to the matters contained in said supplemental bill. These exceptions, each and every, were sustained by the judge below, and from the order sustaining them the defendants below have appealed to this court, assigning the said order as error.

There was no error in this ruling. Under the bankruptcy law there was no abatement of the suit upon the resignation of the complainant trustee, Burr. The estate of the bankrupt including its choses in action as well as its equitable property rights was under the control of the bankruptcy court, and the trustee in charge of the bankrupt's property is an officer or agency of that court. The 46th section of the bankruptcy statute of 1898 provides that: "The death or removal of a trustee shall not abate any suit or proceeding which he is prosecuting or defending at the time of his death or removal, but the

same may be proceeded with or defended by his joint trustee or successor in the same manner as though the same had been commenced or was being defended by such joint trustee alone or by such successor." It is contended for the appellants here that because this statute makes no provision against the abatement of a suit instituted by a trustee upon a vacancy in his office caused by his resignation, that in this case the suit does abate. There is no merit in this contention. A law that confers power to supply, by appointment, a place vacated by death or disability, authorizes an appointment to be made where the vacancy is occasioned by resignation. State v. City of Newark, 27 N. J. Law, (3 Dutcher's Rep.) 185. The purpose of this provision of the bankruptcy law was to prevent the abatement of suits involving the estate of the bankrupt upon a vacancy in the office of the trustee, and it makes no difference how such vacancy occurs whether by the death, removal or resignation of the trustee, under the law his official successor may be formally made a party to the pending proceedings and the cause proceeded with just as though it had been originally instituted by such successor. Scofield v. United States, 174 Fed. Rep. 1. The supplemental bill was the proper procedure under the circumstances of this case to get the successors to the original trustee complainant before the court as parties complainants in said cause. Story's Eq. Plead. (10th. Ed.) Sec. 340, and authorities there cited; Fletcher's Eq. Pl. & Pr. Sec. 828, and authorities there cited.

The assaults made upon the bankruptcy proceedings in the Federal Court of Massachusetts by the answer of the appellants to the supplemental bill of the appellees in the particulars wherein said answer was excepted to by the appellees is simply a collateral attack upon the judgments, orders and proceedings in said bankruptcy

court that is not permissible either by way of defense to the supplemental bill or to the original bill as amended. M'Cormick v. Sullivant, 10 Wheat. (U. S.) 192; Grignon's Lessee v. Astor, 2 How. (U. S.) 319; Kempe's Lessee v. Kennedy, 5 Cranch (U. S.) 173; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. Rep. 611; Lamp Chimney Co. v. Brass & Copper Co., 91 U. S. 656; Chapman v. Brewer, 114 U. S. 158, 5 Sup. Ct. Rep. 799; Shawhan v. Wherritt, 7 How. (U. S.) 627; Graham v. Boston H. & E. R. Co., 118 U. S. 161, 6 Sup. Ct. Rep. 1009; Begein v. Brehm, 123 Ind. 160, 23 N. E. Rep. 496; Mount v. Manhattan Co., 41 N. J. Eq. 211, 3 Atl. Rep. 726; Michaels v. Post, 21 Wallace (U. S.) 398; Riverdale Cotton Mills v. Alabama & G. Mfg. Co., 198 U. S. 188, 25 Sup. Ct. Rep. 629; Bank of United States v. Moss, 6 How. (U. S.) 31; Ex. parte Learoyd In re Foulds, L. R. 10 Chan. Div. 3; In re First Nat. Bank, 152 Fed. Rep. 64; Howes v. Burt, 130 Mass. 368; Palmer v. Jordan, 163 Mass. 350, 40 N. E. Rep. 110; Gilbertson v. United States, 168 Fed. Rep. 672; Edelstein v. United States, 149 Fed. Rep. 636; Hersey v. Jones, 128 Mass. 473; Huttig Manufacturing Co. v. Edwards, 20 Amer. Bankruptcy Rep. 349; In re Dempster, 172 Fed. Rep. 353; Revell v. Blake, L. R. 7 Com. Pleas Cases 300; In re Columbia Real Estate Co., 4 Amer. Bankruptcy Rep. 411; In re First Nat. Bank of Belle Fourche, 18 Amer. Bankruptcy Rep. 265.

There being no error in the order appealed from, the decree of the court below is hereby affirmed at the cost of the appellants.

WHITFIELD, C. J., AND SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.