THE STATE OF FLORIDA, *ex rel.* ARTHUR E. BURR, *et al.*, TRUSTEES IN BANKRUPTCY, *Relators*, v. F. A. WHITNEY, CIRCUIT JUDGE, *et al., Respondents.*

Opinion Filed June 25, 1913.

Rehearing Denied November 4, 1913.

1. Prohibition lies to restrain an excess of jurisdiction as well as to prevent a court from proceeding in a case where it has no jurisdiction whatever.

2. Where an application for prohibition is too broad the court may mould the writ and limit it to so much as is proper to be granted.

3. Where the appellate court has decided on appeal in a cause that certain proceedings in a bankruptcy court cannot be collaterally assailed in an answer to a bill in equity in the State Court, the same matters cannot properly be again interposed in the same cause by a cross bill in the trial court; and if such a cross bill is entertained, a writ of prohibition may issue to restrain such action.

Petition for Writ of Prohibition to F. A. Whitney, Circuit Judge, Polk County.

Return insufficient

*Jas. F. Glen and E. R. Gunby,* for Relators;

*Bisbee & Bedell,* for Respondents.

WHITFIELD, J.—Upon an application for a writ of prohibition a rule to show cause was issued from this court. It is made to appear that Arthur E. Burr, as trustee in bankruptcy of the estate of the Port Tampa Phosphate Company, a corporation, brought proceedings in the Circuit Court for Polk County, Florida, against Joseph Hull, the Prairie Pebble Phosphate Company, a corporation, and the Savannah Trust Company, a corporation, to enforce an equitable right in real estate; that in the course of the procedings an answer was filed to a supplemental bill alleging the right to substitute new parties complainants, in which answer it is in effect averred that certain proceedings were had in the bankruptcy court of the United States for the District of Massachusetts, by which proceedings the substituted complainants were appointed and qualified as trustees in bankruptcy of the Port Tampa Phosphate Company, and that such proceedings are invalid for want of jurisdiction and for other stated causes. Exceptions to these features of the answer were sustained. Hull v. Burr, 64 Fla. 83, 59 South. Rep. 787. See also, Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754; Hull v. Burr, 61 Fla. 625, 55 South. Rep. 852; Hull v. Burr, 62 Fla. 499, 56 South. Rep. 673. In the first cited opinion this court held that collateral attack cannot be made in a suit pending in a State court upon the judgments, orders, and proceedings of a Federal court in bankruptcy, either by way of defense to a supplemental bill brought for the purpose of having successors

to a resigned trustee of the bankrupt's estate made formal parties to a pending suit instituted by the resigned trustee to recover property of the bankrupt's estate, or as a defense to the original bill so instituted.

After this decision the defendant in the equity cause filed a cross bill to the supplemental bill whereby it is against sought to make a collateral attack upon the proceedings of the bankruptcy court of the United States of the District of Massachusetts. A motion was made to strike the cross bill as being in violation of the decree of this court affirming the order sustaining the exceptions to the answer involving in effect the same matter between the same parties, and the motion to strike the cross bill being denied and the plaintiffs being required to plead thereto, application was made here for a writ of prohibition.

Prohibition lies to restrain an excess of jurisdiction as well as to prevent a court from proceeding in a case where it has no jurisdiction whatever.

Where an application for prohibition is too broad the court may mould the writ and limit it to so much as is proper to be granted. State ex rel. Reynolds v. White, 40 Fla. 297, 24 South. Rep. 160.

This court having decided in the cause between the parties that the proceedings of the United States bankruptcy court cannot be collaterally assailed in the State court in defense to bills in equity in the particulars stated in the answer to which exceptions were sustained, such matters cannot now be interposed by a cross bill in the cause. In so far as the cross bill does seek to relitigate the matters decided by this court in the cause it is in excess of the authority of the trial court; but in the particulars, if any, wherein the cross bill seeks to cover matters that have not been adjudicated by this court and

that are otherwise proper, it may be permitted to stand, the only question to be considered on this writ being the asserted excess of jurisdiction assumed by the trial court.

As upon a careful consideration of the very lengthy cross bill there may appear allegations of substance not confined to matters already adjudicated by this court in this cause, it is not proper to say here that the cross bill as a whole should have been stricken. If the chancellor does not consider matters in the cross bill that have been already adjudicated by this court in the cause, his action upon the other matters contained in the cross bill is subject only to an appeal.

With the principles here announced as a guide to the Circuit Judge, considered with the opinion this day filed in Burr v. Hull on appeal, it may not be necessary to issue a writ of prohibition.

The return is an insufficient answer to the rule.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.